UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THEODORE E. POWELL, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. *13-1478* |
| WASHINGTON TEACHERS UNION, *et al.*, | ) ) ) | |
| Respondents. | ) ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The petitioner is a former employee of the District of Columbia Public Schools who was terminated on November 30, 2010. *See* Pet. ¶¶ 1, 40. Among other relief, the petitioner seeks a writ of mandamus directing respondents "to reinstate [him] as a teacher at the District of Columbia Public Schools . . . at a salary of . . . $82,600.00 for . . . school years 2010, 11, 12, 13 or in the alternative directing them . . . to draw a warrant on the education fund in the [amount] of $334,000.00 payable to the order of petitioner." *Id.* at 13 (emphasis removed).

The extraordinary writ of mandamus is available to compel an "*officer or employee of the United States or any agency thereof* to perform a duty owed to plaintiff," 28 U.S.C. § 1361 (emphasis added), and the Court therefore cannot compel either the Washington Teachers Union or the Chancellor of the District of Columbia Public Schools to provide the relief petitioner

*N*

3

demands. *See Powell v. Gray*, No. 12-0902, 2013 WL 3155367, at *1 (D.D.C. June 14, 2013).

The petition for a writ of mandamus will be dismissed for lack of subject matter jurisdiction. *See*

Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that

subject matter jurisdiction is wanting). An Order accompanies this Memorandum Opinion.

DATE: 9/19/2017

United States District Judge